**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 3, 2024

D. McKinley Measley, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, Suite 1600
Wilmington, DE  19801

David L. Finger, Esquire
Finger & Slanina, LLC
1201 N. Orange St., 7th Floor
Wilmington, DE  19801

RE: ***Justin Green v. Colin McClive, et al.,***
     Civil Action No. 2023-0139-MTZ

Dear Counsel:

I write to address the defendants' motion for judgment on the pleadings.  For the reasons that follow, defendant Colin McClive's motion is denied.  Plaintiff Justin Green has failed to establish that this Court has personal jurisdiction over the other defendants.  I write for the parties, who are familiar with the underlying dispute.

## I.    Background

Even for the parties, a limited procedural background is necessary to anchor this letter.  Plaintiff Justin Green filed his complaint on February 6, 2023.[1]  On March 2, Green's counsel filed a cover letter transmitting *pro se* answers to that complaint from all four defendants.[2]  On March 30, counsel for the defendants entered his

---

[1] Docket item ("D.I.") 1 at Compl. [hereinafter "Compl."].

[2] D.I. 8 at Ltr.  Defendants NYE Power, LLC and Alien Speedway, as artificial entities, cannot proceed pro se.  *See Weber v. Kirchner*, 2003 WL 23190392, at *1 (Del. Ch.

appearance.[3]  In July, after motion practice, the defendants filed amended answers.[4]

The defendants also filed a placeholder motion for judgment on the pleadings (the

"Motion"),[5] which was briefed after the amended answers were filed.[6]  The Court

took the Motion under advisement on February 9, 2024.

The Court will grant a motion for judgment on the pleadings under Court of

Chancery Rule 12(c) "only when no material issue of fact exists and the movant is

entitled to judgment as a matter of law."[7]  The Court is not limited to looking at only

the complaint or counterclaims, but may also consider answers, affirmative defenses,

and documents integral to the pleadings.[8]  "In determining a motion under Court of

Chancery Rule 12(c) for judgment on the pleadings, a trial court is required to view

the facts pleaded and the inferences to be drawn from such facts in a light most

---

Dec. 31, 2003) (granting a motion to dismiss because "the plaintiff entities cannot appear *pro se*").

[3] D.I. 11.

[4] D.I. 33; D.I. 34.

[5] D.I. 13.

[6] D.I. 37 at Op. Br. [hereinafter "DOB"]; D.I. 39 at Ans. Br. [hereinafter "PAB"]; D.I. 41 at Reply Br [hereinafter "DRB"].

[7] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund II, L.P*., 624 A.2d 1199, 1205 (Del. 1993); Ct. Ch. R. 12(c).

[8] *Jiménez v. Palacios*, 250 A.3d 814, 827 (Del. Ch. 2019).

favorable to the non-moving party."[9] "As on a Rule 12(b)(6) motion, however, a court considering a Rule 12(c) motion will not rely upon conclusory allegations of wrongdoing or bad motive unsupported by pled facts."[10]

## II.    Analysis

The Motion comes in two waves. First, Asay, NYE Power, and Alien Speedway (the "Nonresident Defendants"), who are not Delaware residents, contend the complaint fails to plead facts supporting this Court's exercise of personal jurisdiction over them. Second, McClive seeks judgment as a matter of law on the claims against him. I address McClive's merits argument first, as the counts against the Nonresident Defendants rely on McClive's predicate breaches.[11]

### A.    Corporate Opportunities

Counts I, II, and III all seek to hold McClive liable for misappropriating corporate opportunities from Innovation-T, under theories of breach of contract, breach of the duty of loyalty, and usurpation of corporate opportunities. The parties

---

[9] *Desert Equities*, 624 A.2d at 1205 (footnote omitted).

[10] *McMillan v. Intercargo Corp.*, 768 A.2d 492, 500 (Del. Ch. 2000).

[11] *See TravelCenters of Am. LLC v. Brog*, 2008 WL 5101619 (Del. Ch. Nov. 21, 2008) (noting a ruling granting judgment on the pleadings in favor of one defendant is the law of the case for defendants who did not join in that motion but instead assert the Court lacks personal jurisdiction over them).

agree Innovation-T's operating agreement preserved corporate fiduciary duties for its managers.[12] They also agree that any waiver of those fiduciary duties must be clear, plain, and unambiguous.[13] McClive contends Section 11.5.3 of Innovation-T's operating agreement waives the duty of loyalty insofar as Innovation-T managers may usurp Innovation-T's corporate opportunities. That section reads: "Other Business Ventures. The Managers and the Members may engage in or possess a significant interest in other business ventures of any nature and description, independently or with others."[14]

By analogizing the phrase "of any nature and description" to language that specifically permits the fiduciary to pursue business ventures similar to those of the company, McClive interprets Section 11.5.3 to permit the pursuit of corporate opportunities.[15] Section 11.5.3 contains no such specific language. Rather, while

---

[12] Compl., Ex. A § 11.5.2 [hereinafter "Op. Agr."]; D.I. 34 ¶ 19 (admitting "the Operating Agreement does not displace default fiduciary duties and, therefore, Defendant McClive must adhere to common law fiduciary duty obligations under Delaware law").

[13] *See Ross Hldg. & Mgmt. Co v. Advance Realty Grp., LLC*, 2014 WL 4374261, at *13, *15 (Del. Ch. Sept. 4, 2014).

[14] Op. Agr. § 11.5.3.

[15] DOB 12; *see HUMC Holdco, LLC v. MPT of Hoboken TRS, LLC,* 2022 WL 3010640, at *18 (Del. Ch. July 29, 2022) (permitting fiduciaries to pursue other business interests "of any kind" including interests "similar to those businesses or properties owned or operated by the Company," granting explicit permission for the fiduciary to avail itself of corporate

Section 11.5.3 enables the fiduciary to engage in other business activities, it "says nothing about the right to compete" against Innovation-T.[16]  Section 11.5.3 "leaves the duty of loyalty's prohibition on self-interested transactions intact."[17]  Section

---

opportunities, and explicitly exculpating the fiduciary from liability for doing so as allowed by the specific language of the operating agreement); *Rajala v. Gardner*, 2012 WL 1189773, at *17–18 (D. Kan. Apr. 9, 2012) (considering, under Kansas law, a provision that permitted fiduciaries to pursue other business interests "whether or not similar to or in competition with the business of the Company"), *aff'd*, 709 F.3d 1031 (10th Cir. 2013).

[16] *In re Shorenstein Hays-Nederlander Theatres LLC Appeals*, 213 A.3d 39, 61–62 (Del. 2019) (considering a provision providing, "SECTION 7.06. Outside Activities. Subject to the other provisions of this ARTICLE VII, including Section 7.02, any Member, any Affiliate of any Member or any officer or director of the Company shall be entitled to and may have business interests and engage in business activities in addition to those relating to the Company, and may engage in the ownership, operation and management of businesses and activities, for its own account and for the account of others, and may (independently or with others, whether presently existing or hereafter created) own interests in the same properties as those in which the Company or the other Members own an interest, without having or incurring any obligation to offer any interest in such properties, businesses or activities to the Company or any other Member, and no other provision of this Agreement shall be deemed to prohibit any such Person from conducting such other businesses and activities. Neither the Company nor any Member shall have any rights in or to any independent ventures of any Member or the income or profits derived therefrom.").

[17] *Continental Ins. Co. v. Rutledge & Co.*, 750 A.2d 1219, 1236–37 (Del. Ch. 2000) (considering a provision providing that "Each Partner agrees that the General Partner . . . may engage in other business activities or possess interests in other business activities of every kind and description, independently or with others.  These activities may include, without limitation, investing in, financing, acquiring and disposing of any interest in securities or other instruments in which the Partnership may from time to time invest, or in which the Partnership is able to invest or otherwise have any interest.  The Limited Partners agree that the General Partner may act as general partner of other partnerships, including investment partnerships and need not contribute any compensation or other income for

11.5.3 offers no clear waiver of the duty of loyalty to permit the usurpation of corporate opportunities, and I cannot read one in. McClive cannot obtain a judgment on Counts I, II, and III by relying on that provision.

### B. Confidential Information

McClive also seeks a judgment in his favor on Counts I and II on the grounds they fail to adequately plead he furnished Innovation-T confidential information to Asay, NYE Power, and Alien Speedway, in breach of Section 8.4 of Innovation-T's operating agreement and his fiduciary duties. Green alleges McClive "furnished information related to both the generator development and software creation to Defendants Asay, NYE Power and Alien Speedway, for purpose [sic] of creating ventures that compete directly with Innovation-T."[18] McClive seeks judgment on these claims on several fronts. First, he asserts Green must plead these claims with the particularity required of a trade secret misappropriation claim.[19] That standard

---

such activity to the Partnership." (alteration in original) (internal quotation marks omitted) (citation omitted)).

[18] Compl. ¶ 36.

[19] *See* DOB 12–13. McClive's reply points out that he relies on *Neurvana Medical, LLC v. Balt USA, LLC*, which is not a trade secret case. DRB 11 (citing 2020 WL 949917 (Del. Ch. Feb. 27, 2020)). *Neurvana* offers a general pleading standard in a discussion of whether a claim for indemnification was well pled. 2020 WL 949917, at *22. *Neurvana* does not offer a pleading standard for misappropriation of confidential information.

is inapplicable to Green's breach of contract and breach of fiduciary duty claim, which are based on the disclosure of confidential information, not necessarily trade secrets.[20]   McClive next presses Green must allege what information was "non-public" to satisfy that restriction in Section 8.4.  That degree of particularity is not required, where Green has identified the provision and alleged McClive breached it.[21]  Next, McClive contends Green did not actually allege any disclosure to NYE Power or Alien Speedway.  But Green did.[22]

Finally, McClive argues Green failed to adequately allege McClive breached his fiduciary duties by using Innovative-T funds to establish competing ventures by not stating the amount of funds allegedly used to establish competing ventures.[23] But a breach of fiduciary duty claim does not require damages, and any amount of

---

[20] *See Akzo Nobel Coatings Inc. v. Dow Chem. Co.*, 2015 WL 3536151, at *8 (Del. Ch. June 5, 2015) ("[T]here is no requirement that improper disclosure of confidential information be pled with particularity. Rather, the applicable standard in Delaware is notice pleading, which is a minimal pleading standard." (footnote omitted)).

[21] *See Ryan v. Buckeye P'rs, LP*, 2022 WL 389827, at *6 n.60 (Del. Ch. Feb. 9, 2022) (citing Ct. Ch. R. 8; and citing *Cartel Media Gp. LLC v. Barone*, 2021 WL 3673215, at *3 (Del. Super. Aug. 16, 2021)).

[22] *See* Compl. ¶ 36.

[23] *See id.* ¶¶ 3, 36.

misappropriation can be a disloyal act.[24]  McClive's Motion fails to secure a judgment on Counts I and II with regard to confidential information.

### C.    Duplicative Claims

From there, McClive seeks judgment in his favor on the breach of fiduciary duty as duplicative of the breach of contract claim, and on the unjust enrichment claim as duplicative of the breach of fiduciary duty claim. As explained "in *Garfield v. Allen*, seeking dismissal of duplicative claims is 'a throwback to common law pleading.'"[25]  At this stage, "there is little utility" in dismissing a claim as duplicative.[26]  McClive's Motion is denied.

### D.    Personal Jurisdiction

The Nonresident Defendants assert Green has failed to establish a basis for exercising personal jurisdiction over them.  They contend Green has failed to

---

[24] *See McKenna v. Singer*, 2017 WL 3500241, at *15 (Del. Ch. July 31, 2017) ("A claim for breach of fiduciary duty requires proof of two elements:  (1) that a fiduciary duty existed and (2) that the defendant breached that duty." (internal quotation marks omitted) (quoting *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch. 2010)).

[25] *MALT Fam. Tr. v. 777 P'rs LLC*, 2023 WL 7476966, at *10 (quoting *Garfield ex rel. ODP Corp. v. Allen*, 277 A.3d 296, 360 (Del. Ch. 2022)).

[26] *Great Hill Equity P'rs IV, LP v. SIG Growth Equity Fund I, LLLP*, 2014 WL 6703980, at *22 (Del. Ch. Nov. 26, 2014); *see Swipe Acq. Corp. v. Krauss*, 2020 WL 5015863, at *8 (Del. Ch. Aug. 25, 2020) ("Whether to dismiss a claim as duplicative is within the discretion of the Court.").

establish what he must: a statutory basis for jurisdiction, and that the exercise of jurisdiction would comport with constitutional due process.[27]  The Nonresident Defendants are correct.

Green argues this Court has personal jurisdiction over Asay under 6 *Del. C.* § 18-109(a), on the grounds that Asay is an acting manager of Innovation-T.[28]  "Under Section 109(a)(ii), a defendant who participated materially in the management of the limited liability company can be served as an acting manager. . . .  The plain language of Section 18-109(a)(ii) . . . confers the status of an acting manager on an individual who has a significant role in managing an LLC or who plays a significant part in an activity or event that constitutes part of the management of the LLC."[29]

Green's complaint alleges "on information and belief" that Asay is an acting manager, without any supporting details.[30]  In briefing, Green relies entirely on McClive's answer.  Green asserts McClive's pleading that "Green[] refus[ed] to engage in an objective conversation regarding the inclusion of Defendant Asay as a valued and equal member of Innovation-T" supports the inference that Asay had

---

[27] *See Altabef v. Neugarten*, 2021 WL 5919459, at *3 (Del. Ch. Dec. 15, 2021).

[28] PAB 21–23.

[29] *In re P3 Health Grp. Hldgs., LLC*, 285 A.3d 143, 152–53 (Del. Ch. 2022).

[30] Compl. ¶ 8.

been acting not only as a member, but also as a manager of Innovation-T.[31]  Even drawing all inferences in Green's favor as the nonmovant, and even assuming it is proper to use McClive's answer to secure jurisdiction over Asay, that inference is entirely unfounded.  Even inferring that Asay wanted to be a member, that inference offers no basis for the additional inference that Asay actually materially participated in Innovation-T's management.

As for NYE Power and Alien Speedway, they are only named as defendants in Green's conspiracy and aiding-and-abetting claims, and Green presses only a conspiracy theory of jurisdiction.[32]  Because these doctrines run the risk of expanding jurisdiction to defendants who would otherwise be beyond this Court's reach, the plaintiff must assert specific facts, not conclusory allegations.[33]  Specific jurisdiction under this theory must arise out of a Delaware act.[34]  The plaintiff must

---

[31] PAB 22.

[32] PAB 23–24; *see also* Compl. ¶ 11.

[33] *Lacey v. Mota-Velasco*, 2020 WL 5902590, at *6 (Del. Ch. Oct. 6, 2020) ("Because the test runs the risk of expanding jurisdiction to encompass defendants who would otherwise be beyond the reach of the forum, the test is construed narrowly, requiring factual proof of each of the five elements."); *Hartsel v. Vanguard Gp., Inc.*, 2011 WL 2421003, at *10 (Del. Ch. June 15, 2011) ("Delaware courts construe this test narrowly and require a plaintiff to assert specific facts, not conclusory allegations, as to each element."), *aff'd*, 38 A.3d 1254 (Del. 2012).

[34] *Altabef*, 2021 WL 5919459, at *8–9.

allege an act or omission that took place in Delaware; injury to a Delaware corporation is not enough to support jurisdiction.[35]  And exercising personal jurisdiction over a foreign conspirator who has herself committed no act in Delaware, and where the underlying tort was not committed in Delaware, would not comport with due process.[36]  Yet Green's brief is just as conclusory as his complaint on these grounds, asserting merely that the Nonresident Defendants aided and abetted McClive in breaching his obligations to Innovative-T, thereby harming Innovative-T and Green.[37]  McClive is a New York resident, and his breaches comprised partnering with Asay, an Oklahoma resident, to establish NYE Power, a Wyoming entity, and Alien Speedway, an "unregistered division" of NYE Power, to

---

[35] *Instituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210, 225 (Del. 1982) (requiring "a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state"); *Altabef*, 2021 WL 5919459, at *11 n.116 (collecting authorities) ("Even if Plaintiffs alleged a breach of fiduciary duty . . . , so that the injury is deemed to have occurred in Delaware, '[l]iterally, Delaware law requires both a tortious act within the State and an act or omission within this State.'" (alteration in original) (quoting *Ramada Inns, Inc. v. Drinkhall*, 1984 WL 247023, at *2 (Del. Super. May 17, 1984))).

[36] *Stimwave Techs. Inc. v. Perryman*, 2020 WL 6735700, at *5 (Del. Ch. Nov. 17, 2020). Green cites *Benihana of Tokyo, Inc. v. Benihana, Inc.*, 2005 WL 583828 (Del. Ch. Feb. 4, 2005), to support a finding of conspiracy jurisdiction here.  PAB 24.  But there a filing with Delaware's Secretary of State was the requisite act in the forum state.  *Benihana of Tokyo,* 2005 WL 583828, at *8.  Green does not brief any Delaware act at all.  PAB 23–24.

[37] PAB 24; Compl. ¶¶ 11, 24, 26.

usurp Innovation T's customers.[38]  Green has failed to allege any Delaware act, even by McClive, that on these facts could anchor conspiracy jurisdiction.

Green has plainly failed to establish a basis for personal jurisdiction over the Nonresident Defendants.  This was not a close call; jurisdictional discovery is not warranted.  As it appears I lack personal jurisdiction over the Nonresident Defendants, I do not reach their arguments on the merits of the claims against them.

Had the Nonresident Defendants moved under Rule 12(b)(2), that motion would have been granted.  But, perhaps as a consequence of their initial *pro se* pleading-stage steps, they moved for judgment on the pleadings under Rule 12(c).  It is not obvious to me that I can grant judgment in favor of a party over whom this Court lacks jurisdiction.[39]  I ask the parties to confer on this procedural puzzle and provide the Court with a stipulated path forward.

### III.  CONCLUSION

McClive's motion for judgment on the pleadings is **DENIED.**  The Nonresident Defendants' motion for judgment on the pleadings remains under advisement pending counsel's stipulation.

---

[38] Compl. ¶¶ 10, 24.

[39] Green did not assert the Nonresident Defendants waived their jurisdictional defense.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*